# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RICARDO NEWSOME, #123359**                                                           **PETITIONER**

**v.**                                                               **CIVIL ACTION NO. 1:22-cv-13-TBM-LGI**

**STATE OF MISSISSIPPI** *and*
**HARRISON COUNTY CIRCUIT COURT**                                                **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court *sua sponte*. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice for failure to prosecute or follow this Court's Orders.

### I. BACKGROUND

*Pro se* Petitioner Ricardo Newsome is an inmate of the Jefferson County Correctional Facility in Fayette, Mississippi. Newsome brings this Petition [2] for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Newsome is challenging a 2018 burglary conviction and resulting 25-year sentence of imprisonment imposed by the Circuit Court for Harrison County, Mississippi. *See* [2] at 3.

Since Newsome is seeking habeas corpus relief under 28 U.S.C. § 2254, the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("Habeas Rules") are applicable to Newsome's case. Newsome's Petition [2] does not comply with these Rules. Specifically, Newsome fails to name a proper Respondent under Rule 2(a), he fails to present his Petition in a general form that is compliant with Rule 2(c) and (d), and he fails to sign his Petition under penalty of perjury as required by Rule 2(c).

Therefore, on January 21, 2022, the Court entered an Order [3] directing Newsome, on or before February 22, 2022, to complete, sign, and file a form "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody." [3] at 1. The form sent to Newsome, if completed, would comply with the Habeas Rules. But Newsome did not comply with this Order [3], so the Court entered an Order [4] to Show Cause. The Order to Show Cause directed Newsome to comply on or before March 22, 2022. Instead of complying with the Court's prior two Orders [3],[4], Newsome filed a Motion/Demand for Judgment [5]. Newsome's Motion [5] failed to provide the Court with a sworn Petition for habeas corpus relief containing the necessary information as required to proceed with this case.

On May 3, 2022, the Court entered a Second Order [6] to Show Cause directing Newsome to comply on or before May 17, 2022. Instead of complying, Newsome filed another unresponsive document [7] titled "Demand for Judgment" and a Motion [8] to Compel. Once again, Newsome's filings [7],[8] do not provide the Court with a sworn Petition for habeas corpus relief containing the necessary information as required to proceed with this case.

On June 14, 2022, the Court entered a Final Order [9] to Show Cause providing Newsome with additional time to comply with the Court's prior Orders. The Final Order to Show Cause directed Newsome to comply on or before June 29, 2022. Instead of complying, Newsome filed another unresponsive document [10], this one titled "Judicial Notice of Adjudicative Facts." [10] at 1. Once again, Newsome's filing [10] did not provide the Court with a sworn Petition for habeas corpus relief containing the necessary information as required to proceed with this case.

Additionally, since Newsome did not pay the filing fee or move for leave to proceed *in forma pauperis* ("IFP"), the Court Ordered [11] Newsome, on or before August 15, 2022, to submit the

filing fee for file a completed motion for leave to proceed IFP. *See* [11] at 1. On July 28, 2022, Newsome paid the filing fee, demonstrating that he is capable of following a court order.

Because Newsome is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the dismissal of this case. On August 8, 2022, the Court entered an Order [12] titled, "Last Order to Show Cause Before Dismissal." [12] at 1. The Order directed Newsome, on or before August 29, 2022, to show cause why this case should not be dismissed and to comply with the Court's prior Orders. The Order [12] also directed the Clerk to re-mail a form § 2254 petition to Newsome for his convenience. The Order [12] contained the following warning, "**Newsome is warned that if he fails to fully comply with this Order in a timely manner, this case will be dismissed without further notice**." [12] at 2 (emphasis in original). Instead of complying, Newsome filed two unresponsive documents [13], [15], both titled "Judicial Notice of Adjudicative Facts." [13] at 1; [15], at 1.

Newsome's filings: (1) fail to show cause why this case should not be dismissed; (2) fail to name a proper Respondent as required by Rule 2(a); and (3) fail to present a sworn petition in a form that is compliant with Rule 2(c) and (d). Newsome failed to comply with five court orders. The Court warned Newsome—on six occasions—that failure to comply with the Court's Orders would lead to the dismissal of this case. *See* [12] at 2; [11] at 1; [9] at 2; [6] at 2; [4] at 1; [3] at 1.

## II. DISCUSSION

This Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey a court order under Federal Rule of Civil Procedure 41(b) and the court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The

Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions. *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming *sua sponte* dismissal *of pro se* habeas petition for failure to prosecute under the Federal Rules of Civil Procedure Rule 41(b), noting "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure"). Noncompliance with a Court order includes both failing to respond and responding without following the Court's directions. *See Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of *pro se* plaintiff's complaint after he was ordered to file an amended complaint but filed many unrelated pleadings instead); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of prisoner case for failure to comply with order to further identify the defendants); *Davis v. Gordon*, 75 F. App'x 261 (5th Cir. 2003) (affirming *sua sponte* dismissal of habeas petition for *pro se* petitioner's failure to pay the filing fee).

As detailed above, Newsome has shown an "ability to file numerous other pleadings" during the pendency of this case. *Dunn*, 598 F. App'x at 333 (5th Cir. 2015). Despite that ability, Newsome has "refused to comply" with this Court's "explicit directive" that he present his petition in a manner compliant with the Habeas Rules. *Id.*

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Newsome's failure to comply would result in the dismissal of this case. *See Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, 985 F.2d 557, 1993 WL 35716, at *8 (5th Cir. 1993) (citations omitted) (noting "wide range of lesser sanctions" includes warnings). The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d

1188, 1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. *See Pegues v. PGW Auto-Glass*, 451 F. App'x 417, 418 (5th Cir. 2011) (affirming dismissal for failure to comply, determining there is "nothing [to] suggest[] that further warnings would have been effective"). The Court concludes that this action should be dismissed for Newsome's failure to prosecute and to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Martinez,* 104 F.3d at 771-72.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED, for the reasons stated above, that Newsome's Petition [2] for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE.

**SO ORDERED**, this the 10th day of November, 2022.

```
                                    TAYLOR B. McNEEL
                                    UNITED STATES DISTRICT JUDGE
```